# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 24, 2012 Session

## GRIFFITH SERVICES, LLC ET AL. V. ARROW GAS & OIL, INC.

**Appeal from the Circuit Court for Anderson County**
**No. B1LA0022      Donald R. Elledge, Judge**

---

**No. E2012-00507-COA-R3-CV - Filed July 24, 2012**

---

This appeal is from an order of the trial court entered February 23, 2012, which order denied the motion of the plaintiffs below, as later supplemented, seeking to amend, alter or set aside a prior order of the trial court dismissing the plaintiffs' complaint. The order appealed from is not a final order. Accordingly, the plaintiffs' appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, and JOHN W. MCCLARTY, JJ.

Christopher P. Capps, Morristown, Tennessee; Howard O. Mann, Corbin, Kentucky; Max Picklesimer, Nicholasville, Kentucky; and Jay M. Goldstein, Charlotte, North Carolina, for the appellants, Griffith Services, LLC and Lexington Insurance Company.

W. Bryan Brooks, Nashville, Tennessee, for the appellee, Arrow Gas & Oil, Inc.

### MEMORANDUM OPINION[1]

On March 24, 2011, the defendant below, Arrow Gas & Oil, Inc., filed a counterclaim in the trial court. Our review of the record fails to reflect a disposition of this counterclaim. On June 6, 2012, we entered an order stating this fact and directing the appellants, plaintiffs

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

below, "to show cause . . . why this appeal should not be dismissed as premature." The appellants have not responded to our order.

Since the counterclaim of Arrow Gas & Oil, Inc., is still pending in the trial court, the order sought to be appealed in this case is not a final order. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

As this appeal was taken from an order that was not final, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal. The appeal of this matter is hereby dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellants, Griffith Services, LLC and Lexington Insurance Company.

PER CURIAM